UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:03-CR-62 |
| | ) | |
| | ) | |
| TREVIS LOVE | ) | |

**O R D E R**

This criminal matter is before the Court to address the Motion for Judgment of Acquittal filed after the jury's verdict in this case. [Doc. 553]. On November 3, 2004, the defendant was found guilty by a jury of Count 1 of the indictment which charged him with a conspiracy to distribute and to possess with the intent to distribute 5 kilograms or more of cocaine. The Court will address each of the defendant's theories in support of his acquittal separately.

**1. GOVERNMENT DID NOT PROVE A CONSPIRACY.**

A motion for judgment of acquittal challenges the sufficiency of the evidence to support the conviction. *United States v. King*, 169 F.3d 1035, 1038 (6th Cir.). This court must determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Landham*, 251 F.3d 1072, 1083 (6th

Cir.2001) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In doing so, all available inferences and credibility issues are resolved in favor of the jury's verdict. *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir.2001).

Based upon the testimony of Gorge Duarte and Eric Serna, based upon the exhibits in this case, which included a "drug ledger", and after viewing this evidence in the light most favorable to the prosecution, the Court FINDS that any rational trier of fact could have found the essential elements of the crime of conspiracy beyond a reasonable doubt.

## 2. IMPERMISSIBLE INFERENCES- 1994 CONVICTION

Although the defendant contends that his 1994 sale of cocaine conviction had no connection to the conspiracy charge in this case, the Court permitted the introduction of the conviction as Rule 404(b) evidence on the issue of intent. As with all admitted evidence of prior bad acts, this Court may assume that some prejudice potentially occurred when the testimony concerning the prior drug transaction was admitted. However, this Court gave a strong cautionary instruction about the limited permissible use of this evidence when it was admitted, and during the general jury instructions the Court gave the following instruction:

> You have heard evidence here that the defendants Delman Davis and Trevis Love engaged in a criminal act other than those specified in the indictment in this case. You may not

consider this evidence to prove the proposition that merely because they may have engaged in those acts they did the acts that they are on trial here for.

You may consider the other criminal conduct only for the purpose of determining the issues of whether the defendants had the requisite intent to commit the conspiracy alleged in the indictment. Remember that the defendants are on trial here only for the acts alleged in the indictment and not for any other acts and they should not be convicted unless you find that the government has proved beyond a reasonable doubt that the defendants knowingly committed the acts charged in the indictment in this case.

This Court must presume that the jury follows a court's curative instructions absent an overwhelming probability that it would be unable to do so. *United States v. Moreno*, 933 F.2d 362, 368 (6th Cir.1991); *United States v. Benson*, 2005 WL 773953, (6th Cir.(Mich.) (Not selected for publication in the Federal Reporter). This Court sees no reason to assume that the jury did not follow the Court's curative instructions but rather used the defendant's 1994 conviction for an impermissible inference of guilt.

3. **FALSE TESTIMONY BEFORE THE GRAND JURY.**

Even assuming that the defendant is correct in his assertions about the government's misconduct before the grand jury, he is not entitled to an acquittal. "[A]ny error by the prosecution before the grand jury is harmless [where the defendant is] subsequently convicted by the petit jury." *United States v. Cobleigh*, 75 F.3d 242, 251 (6th

3

Cir.1996). Here, the petit jury convicted the defendant, and therefore, he is entitled to no relief based on alleged irregularities in the grand jury proceedings.

4. **<u>GOVERNMENT FAILED TO PROVE A NET WORTH CASE.</u>**

The fact that the government did not prove a net worth case is immaterial because showing the defendant's involvement in illegal activity by proving net worth was never the government's theory of the case.

5. **<u>VERDICTS AGAINST DAVIS AND LOVE ARE INCONSISTENT</u>**

The defendant contends that he should be acquitted of a conspiracy involving over 5 kilograms of cocaine because his co-defendant Delman Davis was acquitted of that charge. However, this Court instructed the jury that it was their duty to separately consider the evidence against each defendant and return a separate verdict for each one. The "drug ledger" which was filed as an exhibit in this case attributed a greater quantity of drugs to the defendant than to Davis. Accordingly, based upon the Court's instructions, the jury was justified in returning a verdict that attributed a greater quantity of drugs to the defendant than to Davis.

**<u>CONCLUSION</u>**

Based upon the foregoing reasons, it is hereby **ORDERED** that the

defendant's motion for acquittal is **DENIED**.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

5

Case 2:03-cr-00062-JRG   Document 666   Filed 04/11/05   Page 5 of 5   PageID #: 1064