UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:03-CR-62 |
| | ) | |
| | ) | |
| TREVIS LOVE | ) | |

**O R D E R**

This criminal matter is before the Court to address the "Defendant Trevis Love's Federal Rules of Criminal Procedure Rule 33 Motion for a New Trial." [Doc. 552]. After careful consideration of the testimony at trial, the exhibits at trial, and the record as a whole, the Court makes the following findings of fact and conclusions of law in regard to each issue raised by the defendant.

**1. THE COURT ERRED IN ADMITTING DEFENDANT LOVE'S 1994 CONVICTION OF SALE OF COCAINE.**

The defendant strongly objected to the government's proposed use of Love's 1994 conviction for sale of cocaine as Rule 404(b) evidence to show his specific intent.

Federal Rule of Evidence 404(b) provides: "Evidence of other crimes, wrongs, or

acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." *Id.*

The Sixth Circuit has established a three-step process for determining the admissibility of other acts evidence under Rule 404(b). First, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. Second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect. *United States v. Haywood*, 280 F.3d 715, 719-20 (6th Cir.2002).

In the present case, there is no doubt that the bad act occurred because the defendant was in fact convicted of the distribution of cocaine. Therefore, the first step in the Rule 404(b) analysis was satisfied.

This Court then decided that the evidence of the other acts was probative of a material issue other than character, i.e. intent. See *United States v. Myers*, 123 F.3d 350, 363 (6th Cir.1997)(admitting the testimony of four different

witnesses concerning prior drug transactions with the defendant in order to show his intent to distribute). Evidence of prior bad acts is appropriate to show intent, provided that the bad acts involved are "substantially similar and reasonably near in time to the charged offense." *United States v. Wynn*, 987 F.2d 354, 357 (6th Cir.1993).

The Court concluded that there was a substantial similarity in the distribution of cocaine conviction in 1994 and the conspiracy to possess with the intent to distribute cocaine which the defendant joined in 2002. Although these events occurred 8 years apart, the Court concluded that they were reasonably near in time.

The Sixth Circuit has concluded that there is arbitrary maximum number or years that may separate a prior act and the offense charged. In *United States v. Ismail*, 756 F.2d 1253, 1260, 17 Fed. R. Evid. Serv. 1450 (6th Cir. 1985), the Sixth Circuit explains:

> Regarding the nearness in time question, the rule is that the prior conduct must be reasonably near in time under the facts of the particular case. *Ring*, 513 F.2d at 1005; *United States v. Foley*, 683 F.2d 273, 278 (8th Cir.), cert. denied, 459 U.S. 1043, 103 S.Ct. 463, 74 L.Ed.2d 613 (1982); *United States v. Engleman*, 648 F.2d 473, 479 (8th Cir.1981). There is no absolute maximum number of years that may separate a prior act and the offense charged. See *United States v. Rubio-Gonzalez*, 674 F.2d 1067, 1075 (5th Cir.1982) (<u>ten-year old conviction admitted</u>); *Foley,* 683 F.2d at 278 (<u>eleven-year old conviction admitted</u> under Rule 404(b)); *Engleman*, 648 F.2d at 479

3

(<u>thirteen-year old conviction admitted</u>).
(emphasis added)

Although this Court found that this evidence was prejudicial, this Court concluded that the probative value of the evidence outweighed its prejudicial effect. The Court found that the prejudicial effect could be limited by a strong cautionary instruction that would tell the jury what the limited purpose for the introduction of the evidence was and that an instruction would also be repeated during the final jury instructions.

Based on the Court's findings, this Court does not find that the introduction of Love's 1994 conviction of sale of cocaine as 404(b) evidence to show intent was an error. The Court also FINDS that any prejudice suffered by the defendant was minimized by the Court's cautionary and final jury instructions.

2. **<u>THE VERDICT IS AGAINST THE WEIGHT EVIDENCE.</u>**

A Federal Rule of Criminal Procedure 33 motion for new trial, premised upon the argument that the jury's verdict was against the manifest weight of the evidence, generally is granted only "in the extraordinary

4

circumstance where the evidence preponderates heavily against the verdict." *United States v. Wise*, 4 Fed.Appx. 306, 2001 WL 180968 (6th Cir.(Ohio)) (Not selected for publication in the Federal Reporter), (quoting *United States v. Turner*, 490 F.Supp. 583, 593 (E.D.Mich.1979), aff'd, 633 F.2d 219 (6th Cir.1980)). In considering the weight of the evidence for purposes of adjudicating a motion for new trial, a district judge may act as a thirteenth juror assessing the credibility of witnesses and the weight of the evidence. *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir.1998).

This Court has carefully considered all the evidence at trial including the testimony of Gorge Duarte and Eric Serna which was corroborated at least in part by the drug ledger that was filed as a trial exhibit. As a thirteenth juror, this Court does not find that the evidence preponderates heavily against the verdict.

3. **THE TRIAL COURT ERRED IN DENYING THE DEFENDANT THE OPPORTUNITY TO INTRODUCE EVIDENCE OF GARY MUSICK'S CONVICTION INCLUDING THE AMOUNT OF COCAINE ATTRIBUTABLE TO HIM.**

Generally, the guilty plea or conviction of a codefendant or coconspirator is not admissible at trial, and it is clearly settled that guilty pleas and convictions of co-defendants are never admissible as substantive evidence of another defendant's guilt. *United States v. Blandford*, 33 F.3d 685, 709 (6th

5

Cir.1994). Evidence that a coconspirator has been convicted of conspiring with a criminal defendant is generally inadmissible because it might lead the jury to "regard the issue of the remaining defendant's guilt as settled and [conclude that] the trial is a mere formality." *United States v. Modena*, 302 F.3d 626, 631 (6th Cir.2002).

Therefore, Gary Musick's conviction of a conspiracy involving a certain number of drugs was not probative of the guilt of innocence of Trevis Love, and admission of this evidence could easily have been more prejudicial than probative. It also implies that the jury should not follow the Court's instructions, that is, that the guilt of a co-defendant is not probative of the guilt of the defendant.

**4. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S RIGHT TO CROSS EXAMINE RAVEN SERNA WITH REGARD TO PRIVILEGES THAT WERE POSSIBLY BEING GIVEN TO ERIC SERNA BY THE GOVERNMENT FOR HIS TESTIMONY.**

Although the right to cross-examine prosecution witnesses is rooted in the Sixth Amendment, *Wright v. Dallman*, 999 F.2d 174, 179 (6th Cir.1993), a trial court retains broad discretion to limit the scope of cross-examination. *United States v. Chance*, 306 F.3d 356, 385 (6th Cir.2002) (citing *United States v. Mohney*, 949 F.2d 1397, 1409 (6th Cir.1991)). "Trial judges have latitude to

6

'impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." ' *United States v. Beverly*, 369 F.3d 516, 535-36 (6th Cir.2004) (quoting *United States v. Blakeney*, 942 F.2d 1001, 1022 (6th Cir.1991)).

Cross examination of Raven Serna in regard to privileges that were "possibly" being given to Eric Serna by the government for his testimony was speculative. This cross examination would have confused the issues, and was not marginally relevant because it was merely the attempted impeachment of Eric Serna through another witness by some privilege he might "possibly" receive.

## 5. THE TRIAL COURT ERRED IN DENYING DEFENDANT LOVE'S RULE 29 MOTION AT THE CONCLUSION OF THE GOVERNMENT'S CASE.

This theory is based upon the verdict being against the weight of the evidence, which is addressed above, as well as the alleged untruthful testimony presented to the grand jury by DEA Agent Michael Templeton. "[A]ny error by the prosecution before the grand jury is harmless [where the defendant is] subsequently convicted by the petit jury." *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996). Here, the petit jury convicted the defendant, and therefore, he is entitled to no relief based on irregularities in the grand jury proceedings.

## 6. THE TRIAL COURT ERRED IN FAILING TO DISMISS THE GOVERNMENT'S CASE DUE TO ITS VIOLATION OF DISCOVERY, I.E. BRADY AND GIGLIO

The defendant has failed to explain how the government's failure to send him a letter written by another inmate for Gorge Duarte to his brother Jose Duarte was a *Brady* or *Giglio* violation. The defendant in fact, received the letter from counsel for a co-defendant well in advance of trial. Even if the letter was *Brady* material, no prejudice to the defendant has been shown or alleged and a *Brady* violation is not shown "where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information." *United States v. Clark*, 928 F. 2d. 733, 738 (6th Cir.), *cert. denied*, 502 U.S. 846 (1991); *United States v. Mullins*, 22 F. 3d 1365, 1372 (6th Cir. 1994). Therefore, this alleged error will serve as no basis for a new trial.

## 7. THE TRIAL COURT ERRED IN NOT REPLYING IN THE NEGATIVE TO THE JURY'S QUESTIONS.

During their deliberations, the following questions were sent by the jury to the Court:

> When considering the charge for each defendant, do we base our decision on the amount of cocaine each defendant purchased and distributed or the total amount alleged to have been distributed by the entire group of conspirators being Duarte, Jose Duarte, Stewart, Music

8

and Butler?

Do we use the 163K that George Duarte pled guilty to as part of their conspiracy?

After consulting with the parties, the Court proposed giving the jury the following answer in writing:

I have previously given you instructions which cover these matters. Please refer to the copy of the charge provided to you.

When the Court inquired if this wording was satisfactory, the parties replied:

| | |
|---|---|
| MR. SMITH: | NO OBJECTION FROM THE GOVERNMENT, YOUR HONOR. |
| THE COURT: | MR. TOOHEY? |
| MR. TOOHEY: | I UNDERSTAND WHAT YOUR HONOR IS GOING TO TELL THEM. |
| THE COURT: | ANY CONCERN ABOUT THE WAY I'VE WORDED THAT? |
| MR. TOOHEY: | IT SOUNDS GOOD AS I COULD DO, JUDGE. |
| THE COURT: | ALL RIGHT. MR. JESSEE. |
| MR. JESSEE: | SAME, BASICALLY. I THINK THE ANSWER SHOULD BE NO; BUT THE WORDING THAT YOU HAVE PROPOSED, I HAVE NO OBJECTION TO. |
| THE COURT: | I UNDERSTAND. ALL RIGHT. I HAVE HANDWRITTEN THAT ON THE BOTTOM OF THE JURY'S |

COMMUNICATION, WE'LL HAVE MS.
HOPSON PASS IT BACK TO THE JURY.

The trial court is entitled to exercise its sound discretion in deciding how best to respond to inquiries made by the jury during its deliberations. See *United States v. Brown*, 276 F.3d 211, 216 (6th Cir. 2002). However, as explained by the Sixth Circuit in *United States v. Nunez*, 889 F.2d 1564, 1569 (6th Cir.1989):

> The court must be careful not to invade the jury's province as fact-finder. Nevertheless, the court must respond to questions concerning important legal issues. If the issue that is the subject of an inquiry has been fully covered in the court's instructions, a reference to or rereading of the instructions may suffice.

Clearly, the issue of the quantity of drugs attributable to each defendant was a factual issue to be determined by the jury beyond a reasonable doubt. The jury's inquiry in this case was "fully covered in the court's instructions," and "a reference to or rereading of the instructions" did "suffice" as evidenced by the jury's determination that the quantity of drugs attributable to Davis and Love was different. See *United States v. Robinson*, 96 F.3d 1449, 1996 WL 506498, *10 (6th Cir.(Mich.)).

## 8. **THAT THE VERDICTS AGAINST LOVE AND DAVIS ARE INCONSISTENTAND THEREFORE LOVE'S CONVICTION SHOULD BE DISMISSED.**

10

The defendant contends that he should be acquitted of a conspiracy involving over 5 kilograms of cocaine because his co-defendant Delman Davis was acquitted of that charge. However, this Court instructed the jury that it was their duty to separately consider the evidence against each defendant and return a separate verdict for each one. The "drug ledger" which was filed as an exhibit in this case attributed a greater quantity of drugs to the defendant than to Davis. Accordingly, based upon the Court's instructions, the jury was justified in returning a verdict that attributed a greater quantity of drugs to the defendant than to Davis.

## 9. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S OBJECTION TO THE TESTIMONY OF SHERRON LANE.

The testimony of Sherron Lane, the defendant's supervisor, was proper rebuttal to the defendant's testimony in regard to his job title and his earnings.

## 10. THE TRIAL COURT ERRED IN ADMITTING TESTIMONY REGARDING THE ALLEGED DRUG DEALS OF MARCUS MATHES WHO WAS A BUSINESS ASSOCIATE OF THE DEFENDANT AND WHO WAS DEAD-BECAUSE THIS CREATED AN IMPERMISSIBLE INFERENCE IN REGARD TO THE DEFENDANT

Testimony in regard to Marcus Mathes was elicited by the government from Eric Serna after Delman Davis introduced a CD into evidence

11

through Serna which contained the names of Delman Davis, Trevis Love, and Marcus Mathes on the cover. No objection to the introduction of this CD was made by the defendant Trevis Love. At a bench conference, defense counsel for Delman Davis stated that the CD "was introduced to show that Mr. Davis was involved in some other activities other than the drug activities he's trying to talk about now" referring to the government's attempt to elicit testimony that Mr. Davis and Marcus Mathes not only involved in the production of the CD but also were involved in drug deals together.

It is clearly settled that where one party has "opened the door" on an issue, the opponent, in the trial court's discretion, may introduce evidence on the same issue to rebut any false impression that may have been created by the earlier admission of evidence. See *United States v. Segines*, 17 F.3d 847, 856 (6th Cir.1994). Therefore, after Delman Davis "opened the door", the government properly introduced evidence that Delman Davis and Marcus Mathes were not just involved in the legitimate business of producing CDs.

The relationship of dealing drugs between Davis and Mathes was further clarified by the testimony of Richard Moselsky who also obtained cocaine from Gorge Duarte, Eric Serna, and Cole Butler. On one occasion, Moselsky testified that he went to the apartment of Delman Davis, where Davis and Butler

12

were cutting up a kilo of cocaine, to pick up cocaine from Butler.

Although Moselsky identified Davis in open court, he did not identify Trevis Love. Neither Moselsky or Serna connected Love to any drug deals involving Marcus Mathes, and the Court FINDS that no impermissible inference was created in regard to the defendant Love.

## **CONCLUSION**

Based upon the foregoing reasons, it is hereby **ORDERED** that the defendant's Motion for a New Trial is **DENIED**.

ENTER:

                                                      s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE